**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse R Meyer,<br><br>    Plaintiff,<br><br>v.<br><br>Megan J Brennan,<br><br>    Defendant. | No. CV-17-00524-PHX-ROS<br><br>**ORDER** |

Plaintiff's claims raise issues regarding her emotional state. Based on those claims, in November 2018, Defendant moved for an order requiring Plaintiff attend an independent psychological examination pursuant to Federal Rule of Civil Procedure 35. (Doc. 51). Plaintiff did not respond to that motion. Thus, on December 21, 2018, the Court granted the motion and ordered Plaintiff to attend an examination on January 9, 2019. (Doc. 53). Shortly after that Order, the Court stayed this case because of the federal government shutdown. (Doc. 55). Because of the stay, Plaintiff was under the impression that the January 9 examination would not proceed. Thus, Plaintiff did not attend the January 9 examination.

In February 2019, the Court lifted the stay and rescheduled Plaintiff's examination for March 29, 2019. (Doc. 58). Plaintiff did not appear at that examination because, according to her counsel, he had given her an incorrect location. Plaintiff's counsel agreed to pay Defendant's examiner for the time spent on March 29. The parties also agreed to reschedule the examination. On April 22, 2019, the Court ordered Plaintiff's counsel to

pay Defendant's examiner for the costs incurred when Plaintiff failed to appear on March 29.[1] (Doc. 63 at 1). The Court also ordered Plaintiff to appear at the rescheduled examination on July 1, 2019. The Court imposed a specific starting time of 9:30 a.m. but it did not impose a stopping time nor did the Court indicate the amount or length of breaks Plaintiff was entitled to take.

Plaintiff appeared on July 1 for the exam but the parties disagree about what occurred on that date. According to the examiner, Plaintiff appeared at 9:30 a.m. but took a "30-minute 'smoke break' from 11:08 a.m. to 11:37 a.m., a hour-and-a-half 'lunch break' from 1:32 p.m. to 2:50 p.m., and another fifteen-minute 'smoke break' from 4:08 p.m. to 4:21 p.m." (Doc. 74-1 at 2). According to Plaintiff, her morning "smoke break" was actually 23 minutes, her lunch was 34 minutes, and her afternoon "smoke break" was only 10 minutes. It is undisputed, however, that the examiner had not yet completed all the planned testing when, at 5:00 p.m., Plaintiff stated she would not stay any later.

Defendant now requests the Court order Plaintiff to continue the examination and require Plaintiff bear "all the costs involved in the continued examination." Alternatively, Defendant requests Plaintiff "be prohibited from introducing evidence regarding her alleged emotional injuries." (Doc. 74 at 1). Plaintiff responds that her behavior during the examination was "reasonable," she complied with the exact terms of the Court's Order, and it would be improper to sanction her in any form.

The Court is not in a position to determine whether Plaintiff or the examiner is presenting an accurate version of what occurred during the examination. But even under Plaintiff's version of events, her behavior during the examination merits a limited amount of sanctions. According to Defendant's original motion, the examination was expected to last "approximately eight uninterrupted hours." (Doc. 51 at 5). Thus, there is no dispute that Plaintiff either knew or should have known how long the examination would take.

---

[1] In the Order, the Court observed that the proceedings in this case "establishe[d] Plaintiff and her counsel have not cooperated in discovery and delayed resolution of this matter." That statement was referring to, among other things, Plaintiff's extreme delay in serving the original complaint and Plaintiff requiring Defendant file a formal motion for a Rule 35 examination despite having no objection to such an examination.

Importantly, Plaintiff did not object to that length. Despite her knowledge of the expected length, Plaintiff admits she participated in approximately six hours of testing.

Based on Plaintiff's failure to attend the full eight hours of the examination, she will be required to reimburse Defendant for the costs associated with rescheduling the examination. Those costs are limited to the examiner's travel costs and two hours of time. It is possible the examiner will need more than two additional hours. If so, Defendant must bear the costs associated with any time in excess of two hours. To prevent any future disputes, the parties will be required to confer and file a proposed order containing the exact terms (start time, end time, length of breaks, etc.) the Court should impose for the continued examination.

Accordingly,

**IT IS ORDERED** the Motion for Continuation of Rule 35 Examination, Sanctions, and Extension of Discovery Deadline (Doc. 74) is **GRANTED IN PART**. Plaintiff will be required to attend another examination. Plaintiff must reimburse Defendant for the examiner's travel time and two hours of testing. Defendant must bear the cost of any testing beyond two hours.

**IT IS FURTHER ORDERED** the parties shall confer and no later than **August 27, 2019**, file a proposed order containing all terms necessary to ensure completion of the Rule 35 examination.

**IT IS FURTHER ORDERED** Defendant's deadlines to complete all discovery and to finally supplement all discovery is reset to **October 24, 2019**, and **November 7, 2019**, respectively.

**IT IS FURTHER ORDERED** the status conference set for October 11, 2019 is **VACATED** and **RESET** for **November 12, 2019 at 11:00 a.m.** One week prior to that date the parties shall file a status report indicating whether dispositive motions are planned. If a party plans on filing a dispositive motion, the status report shall provide a brief overview of the basis of the planned motion. The opposing party shall provide a brief response.

**IT IS FURTHER ORDERED** dispositive motions shall be filed no later than **December 6, 2019**.

Dated this 23rd day of August, 2019.

                                      Honorable Roslyn O. Silver
                                      Senior United States District Judge